H. Dickson Burton
Krista Weber Powell
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT 84110
Telephone:  (801) 532-1922

Attorneys for Plaintiff
Choice Hotels International, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.**, a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**J.S.M. LODGING, LLC,** a Utah Limited Liability Company, **SATESH PATEL,** an individual, and **SAM PATEL,** an individual<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. 2:13-cv-00374-BCW<br><br>Magistrate Judge Brooke C. Wells<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") complains against Defendants J.S.M. Lodging, LLC, ("J.S.M. Lodging:") , Satesh Patel,   and Sam Patel (collectively "Defendants") and alleges as follows:

1

## PARTIES

1.      Plaintiff Choice Hotels is a Delaware corporation, licensed to conduct business in Utah, with its principal place of business at, 1 Choice Hotels Circle Rockville, Maryland 20850.

2.      Upon information and belief, Defendant J.S.M. Lodging, LLC, is a Utah limited liability company with a principal place of business at 581 E. St. George Blvd., Saint George.

3.      Upon information and belief, Defendant Satesh Patel is an individual who regularly conducts business in Utah at 581 East Saint George Blvd.  Saint George, Utah 84770.

4.      Upon information and belief, Defendant Sam Patel is an individual who regularly conducts business in Utah at 581 East Saint George Blvd.,  Saint George, Utah 84770.

## JURISDICTION AND VENUE

5.      This Court has both federal question and diversity jurisdiction over this matter.

6.      This is a civil action for unfair competition, trademark infringement arising under the common law and the Lanham Act, and in particular, 15 U.S.C. §§ 1114 and 1125 as well as deceptive trade practices under Utah law.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §§1331, 1338(a) and (b) and 15 U.S.C. § 1121(a).

7.      This court may assert supplemental jurisdiction over claims under the common law of the State of Utah pursuant to 28 U.S.C. §1338(b) and §1367(a).

8.      This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

9.      This Court has jurisdiction over Satesh and Sam Patel under Utah Code 78B-3-205.

10.      Venue is proper pursuant to 28 U.S.C. §1391(b) and (c).

## FACTUAL BACKGROUND

a.    <u>**Choice Hotels' Business and Its Trademarks**</u>

11.    Choice Hotels is in the business of franchising hotels.

12.    Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

13.    Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

14.    Choice Hotels is now a publicly traded company with more than 6,000 franchised hotels.

15.    Choice Hotels offers high value, mid-priced, hotel and motel and services under such well-known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

16.    Choice Hotels and/or its predecessor in interest have been offering lodging services under a family of ECONO LODGE marks since at least as early as 1965.

17.    Choice Hotels is the owner of several United States Trademark Registrations for its ECONO LODGE family of marks.

18.    Choice Hotels is the owner of United States Trademark Registration No. 813,642 (hereinafter, "the '642 registration") for the mark ECONO LODGE for use in connection with the provision of motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

19.    Choice Hotels is the owner of United States Trademark Registration No. 1,799,814 (hereinafter, "the '814 Registration") for the mark ECONO LODGE + Design for use in connection

with the provision of hotel and motel services; and hotel and motel reservation services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

20.     The '814 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21.     Choice Hotels is the owner of United States Trademark Registration No. 2,178,518 (hereinafter, "the '518 Registration") for the mark ECONO LODGE for use in connection with the provision of hotel and motel services and for use in connection with rendering technical assistance in the establishment and/or operation of hotels and motels. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

22.     The '518 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23.     Choice Hotels is the owner of United States Trademark Registration No. 2,878,530 (hereinafter, "the '530 Registration") for the mark ECONO LODGE INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

24.     The '530 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25.     Choice Hotels is the owner of United States Trademark Registration No. 3,489,688 (hereinafter, "the '688 Registration") for the mark E ECONO LODGE + Design:



for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

26.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,065 (hereinafter, "the '065 Registration") for the mark E ECONO LODGE + Design:



for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

27.     The '065 Registration includes a claim for the color of the mark. Specifically, the registration notes that "the mark consists of a yellow stylized letter "e" inside an oval with a white star design and the word Econo Lodge in white, all on a red background.

28.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,067 (hereinafter, "the '067 Registration") for the mark E ECONO LODGE INN & SUITES + Design:



for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

29.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,199 (hereinafter, "the '199 Registration") for the mark E ECONO LODGE INN & SUITES + Design:



for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

30.     The '199 Registration includes a claim for the color of the mark.  Specifically, the registration notes that "the mark consists of a yellow stylized letter "e" inside an oval with a white star design and the word "Econo Lodge" in white above the words "Inn & Suites" in yellow, all on a red background.

31.     Since the inception of their use, the service marks described in paragraphs 15 to 29 above (hereinafter, collectively, "the ECONO LODGE family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

32.     Each registration identified in paragraphs 15 to 29 above remains active, valid and enforceable.

33.     Choice Hotels has developed common law trademark rights in the ECONO LODGE marks through its continuous use of the mark since at least 1965.

34.     Since 1965, Choice Hotels through its franchisees has continuously used the mark ECONO LODGE in connection with the hotel and motel services.  Through this use, Choice Hotels has amassed substantial goodwill in its ECONO LODGE mark.  Since 1965, the mark ECONO LODGE has been associated with quality hotel and motel services.

35.     The ECONO LODGE mark is prominently displayed throughout Choice Hotels' website, and advertising materials in connection with trademark notice.

36.     Choice Hotels has extensively used the ECONO LODGE mark in the United States in connection with advertising, marketing and promoting its goods and services.  Choice Hotels has made significant efforts to advertise, market and promote ECONO LODGE in the United States and, as a result, the mark has become well recognized by consumers as distinctive symbols of Choice Hotels' goodwill.

37.     Choice Hotels franchises the ECONO LODGE hotels.  A franchisee operates an ECONO LODGE hotel at 460 E. St. George Blvd., St. George, Utah.  The St. George ECONO LODGE has been in operation since June 1, 1993.

**b.      Defendants' Adoption of Choice Hotels' Mark.**

38.     Upon information and belief, J.S.M. Lodging operates a hotel at 525 E. St. George Blvd., St. George, Utah.  Upon information and belief, in approximately 2010, more than 25 years after Choice Hotels and its predecessors began using the ECONO LODGE mark, J.S.M. Lodging changed the name of its hotel at 525 E. St. George Blvd., St. George, Utah from "Economy Inn" to "Economy Lodge."

39.     Upon information and belief, J.S.M. Lodging also operates an ECONOMY LODGE hotel at 875 E. 100 N. Nephi, Utah 84648.

40.     J.S.M. Lodging's  Economy Lodge motel is located across the street from the St. George ECONO LODGE hotel.

41.     Upon information and belief, Satesh Patel registered the domain www.economylodgestgeorge.com and uses and/or controls, directs and/or otherwise authorizes others to use the domain to unfairly compete with Choice Hotels.

42.     On J.S.M. Lodging's  website, www.economylodgestgeorge.com, it has adopted a substantially similar color scheme and logo which is displayed in a manner similar to Choice Hotels' use:



.

43.     Upon information and belief, in 2009, Sam Patel registered this trademark in the State of Utah database:



(hereafter "E + ECONOMY LODGE" mark) and uses, licenses and/or controls, directs and/or otherwise authorizes others to use the mark to unfairly compete with Choice Hotels.

8

44.     Upon information and belief, Defendants are aware of Choice Hotels' long-standing use of the ECONO LODGE family of marks in connection with hotel services as Choice Hotels' reputation as a leader in providing hotel services.

45.     Upon information and belief,  Defendants were aware of Choice Hotels' long-standing use of a stylized "e" and red and yellow colors with its ECONO LODGE trademark.

46.     Upon information and belief, J.S.M. Lodging markets its hotel and motel services using the mark ECONO LODGE, or a confusingly similar mark, throughout the United States, including Utah, by promoting and advertising its services on the Internet.

47.     J.S.M. Lodging is a competitor of Choice Hotels.  Unbeknownst to Choice Hotels, Defendants  began using or induced or actively contributed to others use, without authorization, the domain name www.economylodgestgeorge.com to draw traffic to its own website offering competing services.  Thus, consumers attempting to book a Choice Hotels room in St. George, Utah were being improperly directed to a competitor's website.

48.     Choice Hotels has received complaints from numerous customers who inadvertently booked a hotel room at J.S.M. Lodging's  establishment instead of the neighboring St. George ECONO LODGE hotel.

49.     Defendants' use of the "Economy Lodge" and/or E + ECONOMY LODGE mark or www.economylodgestgeorge.com domain related to hotel services constitutes an infringement of Choice Hotels' trademark.  Choice Hotels seeks, among other things, an injunction enjoining Defendants' wrongful and unlawful use of the ECONOMY LODGE mark for hotel services and seeks damages for the harm Defendants have  already caused.

50.      Defendants' continuous willful, intentional, and unauthorized use of the ECONOMY LODGE and E +ECONOMY LODGE trademarks constitutes an infringement of

9

Choice Hotels' trademark rights.  Defendants should not be permitted to trade off of the ECONO LODGE brand, which has acquired significant goodwill and consumer recognition in the hotel industry.  Defendants' use of the ECONOMY LODGE and E + ECONOMY LODGE marks directly and unfairly competes with Choice Hotels' trademarks.

51.    Accordingly, Defendants  should be permanently enjoined from using the ECONOMY LODGE and E + ECONOMY LODGE marks, or any name confusingly similar to ECONO LODGE, in connection with hotels or related business.  In addition, Defendants  are liable for damages caused by past infringements.

52.    The recent visibility of Defendants'  infringing activities on the Internet threaten Choice Hotels' reputation and goodwill in the ECONO LODGE marks as well as its credibility as a leader in the hotel services industry.

## COUNT I

## TRADEMARK INFRINGEMENT - VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114(1)

53.    Choice Hotels realleges and incorporates by reference paragraphs 1 through 52 of this Complaint, as if fully set forth herein.

54.    Defendants'  use of "Economy Lodge,"  E+ ECONOMY LODGE mark, and www.economylodgestgeorge.com domain in connection with the sale, provision and/or advertising for hotel/motel services and related products is confusingly similar to Choice Hotels' use of its ECONO LODGE trademarks for the same or similar services.  Defendants' use of "Economy Lodge"  E+ ECONOMY LODGE mark and www.economylodgestgeorge.com domain in connection with the sale, provision and/or advertising of hotel and motel services, places these marks in the same channels of trade as the services offered under Choice Hotels' ECONO LODGE

10

trademarks and has, and is likely to continue to cause confusion, or to cause mistake, or to deceive consumers.

55.     Defendants' use of "Economy Lodge," E+ ECONOMY LODGE mark and www.economylodgestgeorge.com domain with marketing and advertising for its hotel/motel services is confusingly similar to Choice Hotels' ECONO LODGE family of trademarks and is likely to cause confusion as to the source of the services.  By confusing and misleading consumers as to the origin of its services, Defendants have infringed the rights of Choice Hotels.

56.     Patel's registration of the E+ ECONOMY LODGE mark in Utah was wrongful and fraudulent as he was aware that Choice Hotels has senior rights in its family of ECONO LODGE trademarks.

57.     Section 32 of the Lanham Act, 115 U.S.C. §1114(1)(a), provides, in pertinent part that "[a]ny person who shall, without the consent of the registrant – use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant. . . ."

58.     Defendants' use of "Economy Lodge" and E + ECONOMY LODGE for hotel and motel services is an infringing use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of Choice Hotels' ECONO LODGE family of trademarks.  Defendants' sale, offering for sale, provision or advertising of services under Choice Hotels' marks, or any marks similar thereto, causes and is likely to continue to cause confusion or mistake or to deceive the public as to the services or sponsorship of services offered in violation of 35 U.S.C. §1114(1).

11

59.     As a direct and proximate result of Defendants' infringement, Choice Hotels has been and is likely to continue to be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

60.     Upon information and belief, Defendants have acted willfully and wantonly with intent to injure Choice Hotels.

61.     Choice Hotels is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of Choice Hotels' lost profits.  Choice Hotels is also entitled to punitive damages in amount not less than three times actual damages.

62.     Choice Hotels is being irreparably injured by the unlawful acts of Defendants. Choice Hotels has no adequate remedy at law.  Therefore, Choice Hotels is entitled to an injunction prohibiting  Defendants  from further use of Choice Hotels' ECONO LODGE family of trademarks or any term confusingly similar, including ECONOMY LODGE and the E+ ECONOMY LODGE mark.

63.     Choice Hotels is entitled to recover its attorneys' fees and costs.

## COUNT II

### FEDERAL UNFAIR COMPETITION—FALSE DESIGNATION OF ORIGIN<br>VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

64.     Choice Hotels realleges and incorporates by reference paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of

fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action . . . ."

66.     The acts of Defendants in marketing, promoting, and offering hotel services on its website and the Internet and through retail outlets using Choice Hotels' ECONO LODGE mark or confusingly similar marks, including Defendants' use of substantially similar colors and logo, constitutes:

a)     a false designation of origin;

b)     a false and misleading description of fact; and

c)     a false and misleading representation of fact

that caused and is continuing to cause and is likely to cause and continue to cause confusion and mistake and to deceive as to the affiliation of Patel's business with Choice Hotels' established business, and to cause or likely cause confusion and mistake and to deceive consumers into believing that Choice Hotels sponsors or approves of the services that Defendants provide, in violation of 15 U.S.C. § 1125(a).

67.     As a direct and proximate result of Defendants' unfair competition, Choice Hotels has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

68.     Defendants' on-going acts of infringement in violation of 15 U.S.C. § 1125(a) are malicious, fraudulent, willful, and deliberate.

69.     Defendants' on-going acts of infringement in violation of 15 U.S.C. § 1125(a) have inflicted irreparable harm on Choice Hotels.  Therefore, Choice Hotels is entitled to an injunction

prohibiting Defendants from further use of Choice Hotels' mark ECONO LODGE or any term confusingly similar, including ECONOMY LODGE and E + ECONOMY LODGE.

70.    Choice Hotels has no adequate remedy at law because Choice Hotels' ECONO LODGE mark is unique and represents to the public Choice Hotels' identity, reputation, and goodwill, such that damages alone cannot fully compensate Choice Hotels for Defendants' misconduct.

71.    Unless enjoined by the Court, Defendants will continue to compete unfairly with Choice Hotels. The resulting irreparable injury to Choice Hotels' business identities, goodwill, and reputation requires injunctive relief to prevent Defendants continued unfair competition, and to ameliorate and mitigate Choice Hotels' injuries.

72.    As a result of Defendants' unfair competition, Defendants owe damages, restitution, and disgorgement of profits, in an amount unknown at this time to Choice Hotels, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Defendants.

73.    This case is exceptional within the meaning of 15 U.S.C. §1117(a) and Choice Hotels is entitled to recover its attorney's fees and costs.


### COUNT III

### FEDERAL UNFAIR COMPETITION—CYBERPIRACY
### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(d)

### (J.S.M. Lodging, LLC and Satesh Patel)


74.    Choice Hotels realleges and incorporates by reference paragraphs 1 through 73 of this Complaint, as if fully set forth herein.

14

75.     15 U.S.C. § 1125(d), provides in pertinent part that "[a] person shall be liable in a civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if without regard to the good or services of the parties, that person – (i) has a bad faith intent to profit from that mark. . . ; and (ii) registers, traffics in, or uses a domain name that – (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark. . . ."

76.     The acts of J.S.M. Lodging and Satesh Patel in marketing, promoting, and providing hotel services using the www.economylodgestgeorge domain name and trade mark constitutes:

a)     a bad faith intent to profit from Choice Hotels' mark; and

b)     an intent to divert consumers away from Choice Hotels

that caused and is continuing to cause confusion and mistake and to deceive as to the affiliation of  Satesh Patel and/or J.S.M. Lodging's business and services as being affiliated with Choice Hotels and to cause confusion and mistake and to deceive consumers into believing that Choice Hotels sponsors or approves of the services that Satesh Patel and J.S.M. Lodging provide in violation of 15 U.S.C. § 1125(d).

77.     The acts of J.S.M. Lodging complained of herein constitute cybersquatting under 15 U.S.C. §1125(d).

78.     As a direct and proximate result of Satesh Patel and J.S.M. Lodging's unfair competition, Choice Hotels has been and will be substantially injured in its business, including its goodwill and reputation, resulting in lost revenues and profits, and diminished goodwill.

79.      J.S.M. Lodging's and Satesh Patel's on-going acts of infringement in violation of 15 U.S.C. § 1125(d) are malicious, fraudulent, willful, and deliberate.

80.     Choice Hotels has no adequate remedy at law because consumers have mistakenly believed and will continue to mistakenly believe that J.S.M. Lodging and Satesh Patel's "www.economylodgestgeorge.com," website is affiliated, associated, or otherwise sponsored by Choice Hotels, which will result in harm to Choice Hotels' identity, reputation, and goodwill, such that damages alone cannot fully compensate Choice Hotels for J.S.M. Lodging and Satesh Patel's misconduct.

81.     Unless enjoined by the Court, J.S.M. Lodging and Satesh Patel will continue to compete unfairly with Choice Hotels. The resulting irreparable injury to Choice Hotels' business identities, goodwill, and reputation requires injunctive relief to prevent J.S.M. Lodging and Satesh Patel's continued unfair competition, and to ameliorate and mitigate Choice Hotels' injuries.

82.     As a result of J.S.M. Lodging and Satesh Patel's cybersquatting, J.S.M. Lodging and Satesh Patel owe damages, restitution, and disgorgement of profits, in an amount unknown at this time to Choice Hotels, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from J.S.M. Lodging and Satesh Patel .

## COUNT IV

### DECEPTIVE TRADE PRACTICES
### (Utah Consumer Sales Practices Act UCA § 13-11-1 *et seq.*)

83.     Choice Hotels realleges and incorporates by reference paragraphs 1 through 82 of this Complaint, as if fully set forth herein.

84.     Defendants' use of Choice Hotels' ECONO LODGE marks, or a confusingly similar mark, for hotel and motel services is confusingly similar to Choice Hotels' use of its ECONO LODGE marks for similar services.  Defendants' use of ECONO LODGE, or a confusingly similar

16

mark, in connection with the sale, advertising and promotion of hotel and motel services, occurs in the same or similar channels of trade as the services offered under Choice Hotels' ECONO LODGE trademarks.

85.    Defendants are improperly trading on the goodwill Choice Hotels has earned with the purchasing public for hotel and motel services by causing the public to be confused as to the sponsorship or affiliation of Defendants' hotel and motel services.

86.    Defendants' conduct constitutes unfair methods of competition and unfair or deceptive acts or practices as defined in Utah Code §13-11-4.

87.    Choice Hotels has been damaged by Defendants in an amount to be set at trial which amount is no less than Defendants' profits and Choice Hotels' lost profits.  Choice Hotels is also entitled to punitive damages in an amount sufficient to punish Defendants for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

88.    Choice Hotels is entitled to injunctive relief and to recover its attorney fees and costs.

**COUNT V**

**COMMON LAW TRADEMARK INFRINGEMENT**

89.    Choice Hotels realleges and incorporates by reference paragraphs 1 through 88 of this Complaint, as if fully set forth herein.

90.    Beginning at least as early as 1965, Choice Hotels and its predecessors have developed common law rights in ECONO LODGE for use with, at least, hotel and motel services and related services.

17

91.     Defendants' use of "Economy Lodge," E+ ECONONMY LODGE marks and the economylodgestgeorge domain is confusingly similar to Choice Hotels' common law mark ECONO LODGE and has caused is likely to continue to cause confusion as to the source of hotel services. By creating a likelihood of confusion as to the source of its services, Defendants have infringed the common law rights of Choice Hotels.

92.     Upon information and belief, Defendants have acted willfully and wantonly with intent to injure Choice Hotels.

93.     Choice Hotels is being damaged by the wrongful actions of Defendants in an amount to be established at trial, and that includes all of Defendants' profits and all of Choice Hotels' lost profits.  Choice Hotels is also entitled to punitive damages in an amount sufficient to punish Defendants for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

94.     Choice Hotels is being irreparably injured by the unlawful acts of Defendants. Choice Hotels has no adequate remedy at law.  Therefore, Choice Hotels is entitled to an injunction prohibiting Defendants from further use of ECONO LODGE or any term confusingly similar, including ECONOMY LODGE, E + ECONOMY LODGE and www.economylodgestgeorge.com.

95.     Choice Hotels is entitled to recover its attorney fees and costs.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

96.     Choice Hotels realleges and incorporates by reference paragraphs 1 through 95 of this Complaint, as if fully set forth herein.

18

97.   Defendants' use of "Economy Lodge," E+ ECONOMY LODGE and www.economylodgestgeorge domain is confusingly similar to Choice Hotels' ECONO LODGE marks.

98.   Defendants are improperly trading on the goodwill Choice Hotels has earned with the purchasing public for hotel and motel services by causing the public to be confused as to the sponsorship or affiliation of Defendants' hotel and motel services.

99.   Defendants' conduct is unlawful.

100.   Upon information and belief, Defendants have acted willfully and wantonly with intent to injure Choice Hotels.

101.   Choice Hotels is being damaged by Defendants' wrongful actions in an amount that is not yet determined, but is not less than Defendants' profits and Choice Hotels' lost profits. Choice Hotels is entitled to punitive damages in an amount sufficient to punish Defendants for their reprehensible, malicious, deceitful, unconscionable, and reckless behavior.

102.   Choice Hotels is entitled to recover its attorney's fees and costs pursuant to UCA 13-5a-103.

## PRAYER FOR RELIEF

**WHEREFORE,** Choice Hotels respectfully prays for the following relief against Defendants:

A.   The entry of a temporary and permanent injunction enjoining Defendants, their officers, directors, shareholders, agents, servants, employees, and those persons or entities in active concert or participation with them:

1.   From using Choice Hotels' ECONO LODGE trademark or any trademark, service mark, logo or trade name, including "Economy Lodge" and E+

19

ECONOMY LODGE, that is confusingly similar for hotels, motels and related services, and including in connection with Google or any other Internet search engine;

2.    Requiring Defendants to promptly eliminate any and all advertising using ECONO LODGE, ECONOMY LODGE, E + ECONOMY LODGE or any other confusingly similar designations, including in connection with the above-referenced services, from all service advertising, the Internet, search engines, web sites, all media, including, but not limited to, newspapers, flyers, coupons, promotions, indoor and outdoor signs, telephone books, telephone directory assistance listings, and mass mailings, all at Defendants' cost;

3.    From passing off any of the products or services they offer, as those of Choice Hotels;

4.    From causing a likelihood of confusion or misunderstanding as to the source, sponsorship or affiliation of the businesses, products or services that offer by using identical or similar marks;

5.    Requiring Defendants to file with the Court and to serve upon Choice Hotels' counsel within ten (10) days after entry of any injunction or order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such injunction or order;

6.    Requiring       to    transfer    ownership    of    the    domain www.economylodgestgeorge.com to Choice Hotels.

B.      Entry of an Order:

1.      Awarding to Choice Hotels all damages caused by Defendants;

2.      Cancelling Utah State Trademark No. 7401195-0190.

3.      Awarding Choice Hotels all of Defendants' profits derived from Defendants' use of ECONO LODGE,  ECONOMY LODGE, E + ECONOMY LODGE or www.economylodgestgeorge.com in the course of business;

4.      Finding that Defendants have   acted knowingly, willfully, wantonly, reprehensibly, maliciously, deceitfully, unconscionably, and recklessly and awarding to Choice Hotels treble damages and/or such other punitive or exemplary award allowed by law;

5.      Awarding Choice Hotels costs and expenses, including reasonable attorneys' fees, incurred by Choice Hotels in connection with this action as provided for by statute or by law;

6.      Deactivating and transferring the website www.economylodgestegeorge.com to Choice Hotels; and

7.      Granting such other and further relief as the Court deems just and proper.

21

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Choice Hotels hereby demands a trial by jury in this action for all issues that are triable to a jury.

DATED this 24th day of May, 2013.


  /s/ H. Dickson Burton
H. Dickson Burton
Krista Weber Powell
TRASKBRITT, PC
230 South 500 East, Suite 300
P.O. Box 2550
Salt Lake City, UT  84110
Telephone:  (801) 532-1922